DOLAN v. McLAUGHLIN. ·

(Supreme Court, Appellate Division, First Department. August 10, 1898.)

INJURY TO EMPLOYE—LIABILITY OF MASTER.

In an action to recover damages sustained by the death of the plaintiff's intestate through the defendant's alleged negligence, it appeared that the defendant was engaged in blasting rocks, and for that purpose maintained a steam boiler, which he employed the deceased to attend to, and which was placed in a cut in rocks which had been in their then condition for 20 years. The deceased fixed a seat and awning near by, and there was crushed by rocks which from some unknown cause became loosened and fell. It did not appear that the defendant had any reason to anticipate any danger. *Held*, that the facts failed to establish negligence on the defendant's part.

Appeal from trial term.

Action by Ellen Dolan, administratrix, against Timothy J. McLaughlin. From a judgment dismissing her complaint, plaintiff appeals. Affirmed.

Argued before VAN BRUNT, P. J., and RUMSEY, McLAUGHLIN, and O'BRIEN, JJ.

Leopold Leo, for appellant.
Carl S. Petrasch, for respondent.

VAN BRUNT, P. J. This action was brought to recover damages alleged to have been sustained by the death of plaintiff's intestate, which is claimed to have been caused by the negligence of the defendant. For some time prior to the 24th of June, 1897, the defendant, by his employés, was blasting rocks in 139th street, between Sixth and Seventh avenues, which was necessary for the opening and grading of the street. For the purpose of this work, the defendant maintained a steam boiler, which was located near the sides of a cut in the rocks which had been blasted out some 20 years before, when Seventh avenue was opened. The deceased was employed to attend to this boiler. Five to fifteen feet from the boiler was a projecting rock, near which was placed a box or bench which was used by the deceased as a seat, and over which he erected a kind of awning to protect himself from the sun. There was no evidence that any insecurity existed in this rock at the time of the location of this boiler. The rock had been in its then condition for twenty years. · There was evidence that, some three weeks before the happening of the accident to the deceased, a crack had appeared in the rock, but it was not considered dangerous. Two or five days before the accident, one of the witnesses noticed that the crack had enlarged to about one-half inch wide, and, in his opinion, the rock was liable to fall, and some one was liable to get hurt if near it. Notwithstanding this fact, he never notified the deceased of the danger he was running in sitting under this loosening rock, nor did he warn any one of the danger. Upon the 24th of June, 1897, the rock fell, and the deceased was crushed under it.

It is claimed that the rock became loosened by the blasting in the adjoining street, which blasting was being conducted by the

defendant. There is no proof but that, at the time of the placing
of the boiler in the position it occupied, it was in a perfectly safe
and proper place. Indeed, the evidence shows that these rocks
had been in the same condition for the previous 20 years, and
there were no visible signs of weakness. If these rocks became
insecure because of the blasting in the neighboring street, the de-
ceased had much greater opportunities of observing that fact than
any one else. According to the evidence of the witness Bahlul,
the danger was evident to the passer-by; and, if so, it was certain-
ly negligence upon the part of the plaintiff to select for his awn-
ing so dangerous a locality. The place selected for the location
of the boiler being a safe one at the time the boiler was placed in
position, there was nothing in the surrounding circumstances which
would cause any prudent person to suspect that there would be
any change in the situation. These rocks had been in the same
condition for 20 years past. The defendant had no reason to sus-
pect that the blasting which was carried on in the neighboring
street would in any way affect these rocks; and, as has already
been suggested, the deceased had much better opportunities of
observing any change in these rocks than the defendant. He was
there attending to his boiler. He erected his awning, fastening it
upon these rocks; and, if he did not observe any signs of inse-
curity which made the position he occupied dangerous, it is diffi-
cult to imagine how the defendant could be under any duty to
make the discovery. We think, therefore, that there was no evi-
dence showing any negligence upon the part of the defendant.

The judgment should be affirmed, with costs. All concur.